UNITED STATES COURT OF APPEALS
**Filed 1/8/97**
TENTH CIRCUIT

JIMMY L. SMITH,

     Plaintiff-Appellant,

v.

DAN REYNOLDS; MR. SOCKY,
Correctional Officer; LARRY FIELDS,
Director; INGRAM, C/O; HOOD, C/O;
FRANKLIN, C/O; GILLY, C/O; BESS,
C/O; LAWTON, C/O,

     Defendants-Appellants.

No. 96-7086

(D.C. No. 95-CV-165-S)
(E. D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

---

    [*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

Petitioner Jimmy L. Smith appeals the district court's dismissal of his § 1983 complaint for failure to file a response to the Respondents' motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We find that the district court did not abuse its discretion in dismissing the complaint and thus affirm.

The sole facts at issue are that on July 14, 1995, Respondents filed a motion for summary judgment with Petitioner's response due on July 28, 1995. See Loc. R. E. D. Okla. 14(a). No response was filed by the Petitioner. On August 3, 1995, the district court entered judgment in this matter dismissing Petitioner's complaint. Thereafter, on August 11, 1995, Petitioner timely filed a motion for reconsideration which we construe to be a motion for relief from judgment pursuant to federal procedure rule 60. The district court denied this motion on August 2, 1996. However, in the interim, on May 13, 1996, Petitioner filed a notice of appeal from the district court's judgment.[1]

---

[1] We note that Petitioner did not amend his notice of appeal to include consideration of the denial of his rule 60 motion. Thus, we solely consider whether the district court abused its discretion in dismissing the complaint for failing to respond to Respondents' motion for summary judgment. See Fed. R. App. P. 4(a)(4). The question of the propriety of the denial of the rule 60 motion is not before us.

We review the district courts dismissal of this matter for Petitioner's failure to comply with its order for an abuse of discretion. <u>Mobley v. McCormick</u>, 40 F.3d 337, 340 (10th Cir. 1994). We find no abuse. The Petitioner was clearly required to file a response by July 28, 1995. He did not do so. The district court disposed of the case on August 3, 1995. While it is possible that the Petitioner could have shown good cause for this neglect in a rule 60 motion, no appeal of such a motion is before us. <u>See</u> <u>supra</u> note 1.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge